# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY FRED GENTRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-7

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Billy Fred Gentry pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. At sentencing, the district court held him responsible for 10.9 kilograms of methamphetamine and sentenced him to 135 months of imprisonment, which was at the low end of the guideline range. Gentry now argues that the district court's drug quantity determination is flawed because it was based on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10232

unreliable, self-serving hearsay of cooperating co-conspirators and an unknown source.

When considering a claim of procedural error, we review the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A district court's calculation of the quantity of drugs involved in an offense is a factual finding and is "not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).

In this case, the statements in the witness reports produced by the government are sufficiently reliable to support the district court's drug quantity calculation, given the similarities among them. *See United States v. Zuniga*, 720 F.3d 587, 591-92 (5th Cir. 2013) (affirming reliance on facts from in PSR that were based on two co-conspirators' detailed and consistent statements). The fact that the statements were made by Gentry's co-conspirators and were not corroborated by physical evidence does not render the statements inherently unreliable, and Gentry has failed to proffer competent rebuttal evidence to demonstrate that they are materially untrue. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015).

AFFIRMED.